IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHAN KOTTLER, | : | |
| | : | |
| Plaintiff, | : | No.  1:18-cv-350 |
| | : | |
| v. | : | |
| | : | |
| EDINBORO UNIVERSITY, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Nathan Kottler ("Mr. Kottler") files this Complaint as follows:

### CONCISE STATEMENT OF FACTS

1.      Mr. Kottler is a student enrolled at Defendant Edinboro University ("Edinboro") with a documented disability of blindness.  This action involves the intentional continuing discrimination of Mr. Kottler by Edinboro for deliberately engaging in a practice and/or policy of excluding him from courses in his computer science major because of his blindness, including Edinboro's failure and/or refusal to accommodate him so that he could receive an equally accessible public education as that of his sighted peers.  Throughout his enrollment, Edinboro has failed and/or refused to provide Mr. Kottler with tactile and braille materials even though it maintains and controls the systems for creating such materials on its campus.  Edinboro has also failed and/or refused to make accessible for Mr. Kottler the Linux Operating System that it uses for his sighted peers and on which his computer science major is dependent.  Edinboro's discriminatory practice has compelled Mr. Kottler to withdraw from numerous classes and incur substantial unnecessary costs during his enrollment.  Edinboro's discriminatory practice has also caused Mr. Kottler to lose several scholarships and sponsorships, as well as to lose multiple opportunities for scholarships and sponsorships.

## JURISDICTION AND VENUE

2. This action is brought under Title II of the Americans with Disabilities Act, 28 U.S.C. § 12131, *et seq.* and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because each claim arose in Erie County, Pennsylvania in the Western District of Pennsylvania.

## PARTIES

4. Mr. Kottler is adult individual residing in the Western District of Pennsylvania.

5. Defendant Edinboro University ("Edinboro") is a public university, a member of the Pennsylvania State System of Higher Education and receives federal financial assistance. Edinboro is located at 219 Meadville Street, Edinboro, Pennsylvania 16444. Edinboro maintains an Office for Students with Disabilities (the "OSD"), which is located at Crawford Center, 200 Glasgow Road, Edinboro, Pennsylvania 16444. At all relevant times, Edinboro was acting by and through its duly authorized employees, agents and/or administrators, who at all relevant times were acting within the course and scope of their employment, under color of state law, and in accordance with Edinboro's policies, practices and customs. Edinboro is sued in its official capacity.

## FACTS

6. Mr. Kottler enrolled at Edinboro on or about August 26, 2013.

7. At the time of his enrollment, Mr. Kottler was receiving scholarship funding, as well as multiple sponsorships because of his blindness and prior academic success.

8. At the time of his enrollment, and at all relevant times, Mr. Kottler has had a documented disability of blindness and has been registered with the OSD for his blindness.

9. Although he has only earned credits comparable to that of a second-year student, Mr. Kottler is currently in his sixth-year at Edinboro.

10. At all relevant times, Mr. Kottler has majored in computer science.

11. Computer science courses at Edinboro involve mathematics and computer coding and are inherently visual, relying on teaching methods and lectures including projectors, chalkboards and PowerPoints.

12. Computer science courses at Edinboro also make heavy use of coding, diagrams, graphs, charts, models and equations in textbooks and in real-time in the classroom setting.

13. Computer science courses at Edinboro rely mainly on the Linux Operating System, which offers specific programs and development tools for the computer sciences.

14. Sighted students at Edinboro have full and complete access to the various teaching methods, lectures and materials that are utilized within the computer science major itself, as well as the Linux Operating System.

15. Because of his blindness, Mr. Kottler has repeatedly and continuously throughout his enrollment raised issues of inaccessibility to these various teaching methods, lectures and materials with professors and the OSD at Edinboro.

16. Also, because of his blindness, Mr. Kottler has repeatedly and continuously throughout his enrollment raised the issue of inaccessibility to the Linux Operating System with professors and the OSD at Edinboro.

17. Mr. Kottler has repeatedly and continuously requested individualized instruction, visualization supplements, braille, functioning screen readers and tactile maps, graphics and charts as means of accommodating his blindness and providing him with equal access to his education.

18. To date, Edinboro—through the OSD—has failed to provide reasonable accommodations or modifications to Mr. Kottler's computer science courses that would provide an equally accessible public education to him as that of his sighted peers.

19. For instance, *inter alia*, Edinboro has never provided Mr. Kottler with:

   a. access to the Linux Operating System or any other reasonable alternative platform;

   b. materials in braille;

   c. materials in usable tactile form;

   d. real-time access in the classroom to coding examples, diagrams, graphs, charts, models, equations and PowerPoints; and/or

   e. consistently accessible textbooks and materials for out of class reading or assignments.

20. Edinboro has not provided Mr. Kottler with materials in usable tactile or braille form even though it maintains and controls the systems for creating such materials on campus.

21. In addition, Edinboro is aware that the Linux Operating System can be made available to blind individuals like Mr. Kottler, yet it has failed to provide it to him.

22. Edinboro is also aware that reasonably alternative platforms to the Linux Operating System exist that are accessible for blind individuals, yet it has failed to provide—or even offer—any such reasonably alternative platform to Mr. Kottler.

23. Furthermore, during his enrollment, Mr. Kottler made Edinboro aware that various professors were engaging in harassing and discriminatory conduct toward him, yet Edinboro acquiesced in such conduct by failing to address any of the following statements that were made to Mr. Kottler by his professors:

   a. that he should quit pursuing a major in computer science because of his blindness;

4

      b.      that he would not be hired—and that the professors would not hire him—for any job in computer science because of his blindness; and

      c.      that making classes accessible to him was not worth any professor's time.

24.    Edinboro's conduct in not accommodating Mr. Kottler and its acquiescence in harassing behavior toward him demonstrates a practice or policy at Edinboro of excluding Mr. Kottler from courses in his computer science major because of his blindness.

25.    These practices and policies employed by Edinboro are part of a continuing practice in which it has discriminated against Mr. Kottler over the course of his enrollment, and its conduct is also one rooted in a discriminatory policy of irrational treatment against him.

26.    Because of Edinboro's ongoing discriminatory practice, Mr. Kottler has been compelled throughout his enrollment to withdraw from numerous classes because they were made inaccessible to him.

27.    Edinboro's discriminatory practice also caused Mr. Kottler to lose scholarships and sponsorships, and he has been forced to incur substantial and unnecessary costs that he otherwise would not have incurred but for such practices and the refusal to accommodate his blindness.

28.    Edinboro has never engaged in the interactive process with Mr. Kottler by examining the facts and circumstances of his individual needs concerning his disability, functional limitation(s) and related accommodation requests.

29.    In August 2018, prior to the start of the Fall 2018 semester at Edinboro, Mr. Kottler made a final attempt to request accommodations from Edinboro (and the OSD) for courses in his computer science major.

30.    On September 17, 2018, Mr. Kottler sent additional information to Edinboro concerning those requests, stating, in part:

- CSCI 312 – Computer Architecture
    - Mr. Kottler requests individualized instruction for this class because of the high degree in which it relies on diagrams and other visual components. To the extent individualized instruction cannot be accommodated, Mr. Kottler requests meaningful access to course materials—including the course textbooks and diagrams—for the visually impaired.

- CSCI 330 – Object Oriented Programming
    - Mr. Kottler requests that lectures be made accessible to him such that he would be able to access coding examples in real-time in class along with his sighted peers. Also, Mr. Kottler requests access to all diagrams, graphs and charts in tactile form. To the extent this course is taught on Linux, then Mr. Kottler also requests access either to Linux for the visually impaired or to a reasonable alternative platform.

- ECON 225 – Macro Economics
    - Mr. Kottler requests reasonable access to all visual information that is presented in class to his sighted peers, including, but not limited to, PowerPoints, equations, graphs and models. Mr. Kottler also requests an accessible textbook for out of class reading and/or assignments, as well as an accessible system for graphing and modeling if the same is a necessary component of this class.

- MATH 275 – Linear Algebra
    - Mr. Kottler requests individualized instruction for this class because prior attempts to accommodate through notetaking have been unsuccessful to accommodate Mr. Kottler's blindness and because Edinboro flatly denied creating materials in braille for him for this class.

31. Mr. Kottler never received a response relating to any of the foregoing requests for accommodations; however, on September 28, 2018, Denise L. Ohler, Interim Dean of Edinboro—who was aware of Mr. Kottler's requests for accommodations—sent Mr. Kottler an email stating that he must complete CSCI 330 ("Object Oriented Programming") or else he would be required to change his major from the computer sciences.

32. The Interim Dean was aware at the time she sent to the foregoing email that Mr. Kottler had been repeatedly discouraged from continuing in the computer sciences by the professor for CSCI 330 ("Object Oriented Programming").

33. The Interim Dean (and the OSD) knew that Mr. Kottler was repeatedly discouraged by his professor for CSCI 330 ("Object Oriented Programming") because of his blindness.

34. The Interim Dean was aware that Mr. Kottler had previously complained to the OSD about that professor's discriminatory remarks, yet no corrective action was ever taken by Edinboro or the OSD.

35. At no time prior to the Interim Dean's email had Edinboro raised any concerns with Mr. Kottler about the number of times he had taken certain classes pertaining to his major or about the effect his prior withdrawals from those classes would have on the pursuit of his major.

36. Edinboro is aware that its ongoing discriminatory practices against Mr. Kottler caused him to be inadequately prepared by his lower level courses for him to be successful in his upper level courses.

37. The inadequate foundation upon which Edinboro has rest Mr. Kottler's education is severely detrimental and prejudicial in comparison to his sighted peers, each of whom has received the full benefit of access to a public education while enrolled at Edinboro.

38. As a direct and proximate result of Edinboro's discriminatory conduct and practices, Mr. Kottler's postsecondary education has been greatly delayed and caused him to suffer significant economic harm and emotional pain and suffering.

## COUNT I

**Disability Discrimination**
**Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131,** *et seq.*

(**Mr. Kottler v. Edinboro**)

39. All paragraphs herein are incorporated by reference.

40. Mr. Kottler—a qualified individual with a documented disability—has been excluded by Edinboro from participation in and denied the benefits of a public education at Edinboro by reason of his disability and has been otherwise subjected to discrimination by Edinboro by reason of his disability, in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*

## COUNT II

### Failure to Accommodate
### Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*

(**Mr. Kottler v. Edinboro**)

41. All paragraphs herein are incorporated by reference.

42. Edinboro—a public postsecondary educational institution—has failed and/or refused to make reasonable modifications in its policies, practices or procedures to accommodate Mr. Kottler's blindness in his public education, in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*

43. Moreover, Edinboro has failed and/or refused to engage in any interactive process with Mr. Kottler concerning his disability, functional limitation(s) and related accommodation needs, in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*

## COUNT III

### Retaliation
### Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*

(**Mr. Kottler v. Edinboro**)

44. All paragraphs herein are incorporated by reference.

45. Mr. Kottler engaged in protected activity by requesting reasonable accommodations and modifications to his public education at Edinboro and, in response to that request for accommodations, Edinboro took immediate retaliatory action against him that would be sufficient to deter a person of ordinary firmness from exercising his or her rights, in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*

### COUNT IV

### Disability Discrimination
### Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*

### (Mr. Kottler v. Edinboro)

46. All paragraphs herein are incorporated by reference.

47. For all the reasons stated in Counts I through III, Mr. Kottler—a qualified individual with a documented disability—has been excluded by Edinboro, a public university that receives federal financial assistance, from participation in and denied the benefits of a public education at Edinboro because of his disability and has been otherwise subjected to discrimination by Edinboro because of his disability, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*

### COUNT V

### Failure to Accommodate
### Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*

### (Mr. Kottler v. Edinboro)

48. All paragraphs herein are incorporated by reference.

49. Edinboro—a public postsecondary educational institution—has failed and/or refused to make reasonable modifications in its policies, practices or procedures to accommodate

Mr. Kottler's blindness in his public education, in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*.

50. Moreover, Edinboro has failed and/or refused to engage in any interactive process with Mr. Kottler concerning his disability, functional limitation(s) and related accommodation needs, in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*.

## COUNT VI

### Retaliation
### Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*

### (Mr. Kottler v. Edinboro)

51. All paragraphs herein are incorporated by reference.

52. Mr. Kottler engaged in protected activity by requesting reasonable accommodations and modifications to his public education at Edinboro and, in response to that request for accommodations, Edinboro took immediate retaliatory action against him that would be sufficient to deter a person of ordinary firmness from exercising his or her rights, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Kottler respectfully requests that this Court enter a judgment in his favor and against Edinboro on all claims for compensatory damages (including special damages and mental and emotional distress damages), equitable relief, attorney's fees and costs, interest and all other relief as this Court deems just and proper.

Respectfully submitted,

THE LAW OFFICES OF TIMOTHY P. O'BRIEN

/s/ Alec B. Wright
Alec B. Wright
Pa. ID No. 316657

239 Fourth Avenue
Investment Building, Suite 2013
Pittsburgh, PA  15222
(412) 232-4400

*Counsel for Plaintiff, Nathan Kottler*